# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| TAFARA WILLIAMS, individually and as next friend of M.S., a minor., | ) ) ) |
| Plaintiff, | ) Case No. ) ) |
| vs. | ) Judge: ) |
| The CITY OF WAUKEGAN, a municipal corporation; DANTE SALINAS, individually and in his official capacity; and JAMES KEATING, individually and in his official capacity, | ) ) **PLAINTIFF DEMANDS** ) **TRIAL BY JURY** ) ) ) |
| Defendants. | ) |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, TAFARA WILLIAMS, Individually and as Next Friend of M.S. a minor, by and through her attorneys, ROMANUCCI & BLANDIN, LLC, and BEN CRUMP LAW, PLLC, for Plaintiff's Complaint at Law against Defendants, The CITY OF WAUKEGAN, a municipal corporation; DANTE SALINAS, individually and in his official capacity, and JAMES KEATING, individually and in his official capacity, pleading hypothetically and in the alternative, states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331.

2. Venue is proper in this Court under 28 U.S.C. § 1391(b) because all incidents, events, and occurrences giving rise to this action occurred in the Northern District of Illinois. Moreover, upon information and belief, all or most of the parties reside in this Judicial District.

## THE PARTIES

3. Defendant, CITY OF WAUKEGAN, is a municipal corporation organized under the laws of the State of Illinois.

4. On and before October 20, 2020, and at all relevant times, the Defendant, CITY OF WAUKEGAN, a municipal corporation, maintained, as a division of said municipal corporation, a certain police department, commonly referred to as the Waukegan Police Department, in Lake County, Illinois (hereinafter, collectively referred to as the "CITY OF WAUKEGAN Police Department").

5. On and before October 20, 2020, and at all relevant times, Defendant DANTE SALINAS ("Defendant SALINAS") was a Waukegan Police Officer employed by the Defendant CITY OF WAUKEGAN Police Department.

6. On and before October 20, 2020, and at all relevant times, when Defendant SALINAS was engaging in the complained of conduct, he was acting under color of law and in the course of his employment as a Waukegan Police Department Police Officer.

7. On and before October 20, 2020, and at all relevant times, Defendant JAMES KEATING ("Defendant KEATING") was a Waukegan Police Officer employed by the Defendant CITY OF WAUKEGAN Police Department.

8. On and before October 20, 2020, and at all relevant times, when Defendant KEATING was engaging in the complained of conduct, he was acting under color of law and in the course of his employment as a Waukegan Police Department Police Officer.

9. Plaintiff TAFARA WILLIAMS, an African American female, is a citizen of the United States. At all relevant times, Plaintiff was a resident of the City of Waukegan, Lake County, Illinois.

10. Plaintiff TAFARA WILIAMS is the natural mother of M.S., a minor child.

11. Marcellis Stinnette, who died on October 20, 2020, was the natural father of minor child M.S.

## FACTUAL ALLEGATIONS

12. On October 20, 2020, Plaintiff TAFARA WILLIAMS had just put her children, including M.S., to bed.

13. Ms. Williams, accompanied by Mr. Marcellis Stinnette, went outside to smoke a cigarette.

14. Ms. Williams went outside, where her grey sedan was legally parked in the correct direction on a one-way street, and sat in the driver's seat.

15. Mr. Stinnette entered the vehicle and sat in the passenger seat.

16. Due to the cold weather, Ms. Williams turned the vehicle on for heat.

17. At that time, a police vehicle without its overhead lights made a U-turn and came down the one-way the wrong way.

18. The police vehicle pulled up next to the vehicle of Ms. Williams, without its lights or sirens on.

19. An officer, Defendant Officer Keating, left the vehicle and approached the vehicle of Ms. Williams.

20. At said time, Defendant Officer Keating did not have reasonable suspicion or probable cause to detain Ms. Williams.

21. At no time, did Defendant Officer Keating inform Ms. Williams that she was under arrest or that she was not free to go.

22. Defendant Officer Keating did not turn on his police lights.

23. Ms. Williams was unarmed and was not doing anything illegal.

24. Defendant Officer Keating knew the names of both Ms. Williams and Mr. Stinnette.

25. Defendant Officer Keating put his hand on his gun while he spoke to Ms. Williams.

26. Fearing for her life and the life of Mr. Stinnette, Ms. Williams slowly drove the vehicle away from Officer Keating, as she did not believe she was being detained.

27. Ms. Williams was afraid to get out of her car.

28. Ms. Williams drove away, and not toward, Defendant Officer Keating.

29. Defendant Officer Keating informed another officer of Ms. Williams's vehicle.

30. Defendant Officer Keating did not immediately follow with his police lights on.

31. Ms. Williams drove, without causing a threat to any individuals or police officers, to the corner of Helmholtz Drive and Martin Luther King Jr. in Waukegan, Illinois.

32. During a turn, Ms. Williams' car made contact with an electrical pole.

33. At that time, Defendant Officer SALINAS, who was on scene, left his vehicle with his weapon drawn.

34. A witness on scene heard Ms. Williams scream in fear "Why you got a gun?".

35. Ms. Williams continued to scream while Defendant Officer Salinas began to discharge his firearm.

36. Ms. Williams' vehicle moved backwards.

37. A witness on scene stated Ms. Williams was not driving at the officer.

38. At the time s was not in the path of Ms. Williams vehicle.

39. Defendant Officer Salinas, despite not being in the path of the vehicle, discharged his weapon at the front and/or driver's side of Ms. Williams vehicle.

4

40. Ms. Williams was struck in the wrist and the lower left abdomen by Defendant Officer Salinas.

41. Mr. Stinnette was struck by Defendant Officer Salinas.

42. Ms. Williams' vehicle did not strike any police vehicles or persons, but ran into a small building.

43. At said time, Defendant police officers had no information that any violent crime had been committed and/or that any individuals were in danger of death or serious bodily harm.

44. At said time, Defendant police officers had no knowledge of any criminal activity or possible criminal activity associated with Ms. Williams.

45. At said time, and at all relevant times, the actions of Defendant police officers were undertaken without information to believe Ms. Williams or Mr. Stinnette had committed any crime on October 20, 2020.

46. Ms. Williams repeatedly informed officers that she did not have a gun.

47. At said time, and at all relevant times, Defendant police officers had no reason to believe Ms. Williams or Mr. Stinnette had committed any violent crime or were a threat to any persons, including officers.

48. At no time did Ms. Williams or Mr. Stinnette ever display a weapon to Defendant Officer Salinas, Officer Keating, or others.

49. At no time did Ms. Williams or Mr. Stinnette threaten to use physical force upon the Defendant police officers or others.

50. At no time did Ms. Williams or Mr. Stinnette use physical force upon Defendant police officers or others.

51. Defendant police officers did not have reason to believe Ms. Williams or Mr.

Stinnette posed a significant threat of death or serious physical injuries to Defendant police officers or others.

52. No weapons were found in the car.

53. Deadly force was not necessary or justified.

54. Ms. Williams exited the vehicle and stated "I don't want to die" repeatedly, with her hands up.

55. Ms. Williams sustained grave injuries to her hand, abdomen, and organs.

56. Ms. Williams waited on scene for an ambulance, and did not receive medical assistance for some time as she bled out from her stomach.

57. At no time did Ms. Williams drive her vehicle at a police officer.

58. According to Chief Walles of the Waukegan Police Department, Defendant Officer Salinas committed multiple policy and procedure violations and has been terminated.

59. Mr. Stinnette died from his injuries.

### COUNT 1 – 42 U.S.C. §1983—Excessive Force
*(Tafara Williams v. Dante Salinas)*

60. Plaintiff, TAFARA WILLIAMS, incorporates by reference all preceding paragraphs.

61. At all times relevant, Defendant DANTE SALINAS was an authorized officer, agent, and/or employee of the CITY OF WAUKEGAN Police Department, and was acting in the course of his employment and under color of state law.

62. At all times relevant, it was the duty of Defendant SALINAS, individually and as an officer, agent and/or employee of the CITY OF WAUKEGAN Police Department, to refrain from using unreasonable excessive force against others, including Plaintiff TAFARA WILLIAMS.

63. On October 20, 2020, in breach of said duty, Defendant SALINAS used unreasonable and excessive force in violation of the United States Constitution by engaging in the following acts or omissions:

   a. Defendant used a level of force that Defendant knew, or should have known, was excessive when he, among other things, shot at Plaintiff several times without proper justification;
   b. Defendant used an unreasonable amount of force in relationship to the threat or force posed by the Plaintiff, who was not resisting any lawful arrest or threatening the life or safety of any police officers;
   c. Defendant used excessive force in violation of the Waukegan Police Department's policy which expressly prohibits use of excessive force;
   d. Defendant failed to use less dangerous means of restraint; and/or
   e. Defendant failed to follow proper police procedures and adhere to a use of force continuum consistent with that used by law enforcement agencies in Illinois.

64. At all times relevant, the aforementioned conduct of Defendant, DANTE SALINAS, constituted unreasonable excessive force in violation of the United States Constitution.

65. The actions of Defendant SALINAS were objectively unreasonable and were undertaken intentionally with willful indifference to Plaintiff WILLIAMS's constitutional rights.

66. The actions of Defendant SALINAS would not be considered reasonable by a reasonably competent police officer in the circumstances presented at the time that Defendant SALINAS used such force.

67. The actions of Defendant SALINAS were undertaken with malice, willfulness, and reckless indifference to the rights of Plaintiff.

68. As a proximate cause of Defendant's unreasonable and excessive use of force, Plaintiff TAFARA WILLIAMS experienced injuries, including physical and psychological pain and suffering, disfigurement, disability, and loss of a normal life, and incurred medical bills.

WHEREFORE, Plaintiff, TAFARA WILLIAMS, respectfully requests that this Court enter judgment against Defendant, DANTE SALINAS, awarding compensatory damages, attorneys' fees, punitive damages, and for any further relief this Court deems just.

**COUNT 2 – 42 U.S.C. §1983—False Arrest**
(*Tafara Williams v. Dante Salinas and James Keating*)

69. Plaintiff incorporates and re-alleges all preceding paragraphs as though set forth fully herein.

70. At all relevant times, Defendants SALINAS and KEATING, were acting under the color of state law and pursuant to their duties as CITY OF WAUKEGAN Police Officers.

71. At all relevant times, Defendants SALINAS and KEATING were acting within the scope of their employment as Police Officers for the CITY OF WAUKEGAN.

72. Defendants SALINAS and KEATING violated Plaintiff WILLAIMS' Constitutional rights by detaining for crimes and offenses without probable cause.

73. As described in the preceding paragraphs, the conduct of the Defendants SALINAS and KEATING, acting under the color of state law, constituted an unlawful arrest of the Plaintiff, WILLIAMS, in violation of the United States Constitution.

74. That the actions of Defendants were the result of personal animus against Plaintiff, WILLIAMS and her passenger Mr. Stinnette, and said actions and denials were taken without any rational basis.

75. That by reason of the aforesaid actions, Defendants' actions exhibit deliberate indifference to and/or reckless disregard for the constitutional rights of Plaintiff, WILLIAMS, all in violation of her constitutional rights.

76. The actions of Defendants SALINAS and KEATING were objectively unreasonable and were undertaken intentionally with willful indifference to Plaintiff WILLIAMS's constitutional rights.

77. The actions of Defendants SALINAS and KEATING would not be considered reasonable by a reasonably competent police officer in the circumstance presented at the time that Defendants SALINAS and KEATING unlawfully arrested Plaintiff, WILLIAMS.

78. As a direct and proximate result of defendants SALINAS and KEATING Plaintiff, WILLIAMS, was deprived of her liberty and suffered damages, including physical, emotional and psychological injuries.

79. As a result of Defendants SALINAS and KEATING's conduct, Plaintiff, WILLIAMS, is entitled to recover all damages allowable for violation of 42 U.S.C §1983 including compensatory damages, all costs incurred in prosecuting this action, and attorney's fees pursuant to 42 U.S.C. §1988.

80. Plaintiff, WILLIAMS, is also seeking punitive damages against Defendants SALINAS and KEATING because the conduct set forth above constitutes deliberate indifference, willful conduct, and intentional conduct towards the public in general and specifically Plaintiff, WILLIAMS, and this conduct caused substantial physical and emotional injuries.

WHEREFORE, Plaintiff, WILLIAMS, demands judgment against Defendants SALINAS and KEATING for damages costs, disbursements, attorney's fees, interests and for any further relief that this Court deems fair and just.

**COUNT 3 – 42 U.S.C. §1983—Unconstitutional Customs, Policies, and Practices**
(`*Tafara Williams v. City of Waukegan*`)

81. Plaintiff, TAFARA WILLIAMS, incorporates by reference all preceding paragraphs.

82. At all relevant times, the employees, agents, and/or officers of Defendant CITY OF WAUKEGAN's Police Department, including Defendants SALINAS and KEATING, were acting under the color of state law.

83. At all relevant times, the employees, agents, and/or officers of Defendant CITY OF WAUKEGAN's Police Department, including Defendants SALINAS and KEATING, were acting pursuant to an expressly adopted official policy or a longstanding practice or custom of the Defendant CITY OF WAUKEGAN Police Department.

84. Upon information and belief, Defendant CITY OF WAUKEGAN Police Department, including its agents, employees, and/or officers, together with other City of Waukegan policymakers and supervisors maintained, *inter alia*, the following unconstitutional customs, practices, and/or policies:

   a. Using excessive force while investigating or detaining suspects;
   b. Providing inadequate training regarding how to investigate or detain suspects and the proper amount of force that can be used in various circumstances;
   c. Employing and retaining as police officers individuals, such as Defendants SALINAS and KEATING, who the Defendant CITY OF WAUKEGAN knew or reasonably should have known had dangerous propensities for abusing authority, making false arrests, and/or for using excessive force on suspects and other citizens and/or were unqualified to hold such posts;
   d. Inadequately supervising, training, controlling, assigning, and disciplining CITY OF WAUKEGAN police officers and other personnel, including Defendants SALINAS and KEATING;
   e. Failing to adequately discipline CITY OF WAUKEGAN police officers for the above-referenced categories of misconduct;
   f. Encouraging, accommodating, or facilitating a "blue code of silence," "blue shield," "blue wall" or simply "code of silence," pursuant to which police officers do not report other officers' errors, misconduct, or crimes. Pursuant to this code of silence, if questioned about an incident of misconduct involving another officer, while following the code, the officer being questioned will claim ignorance of the other officer's wrongdoing or assist the officer in covering up any wrongdoing.

85. Defendant CITY OF WAUKEGAN Police Department, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged above. Despite having knowledge of the above, these Defendants condoned, tolerated and through their own actions or inactions thereby ratified such policies.

86. Such Defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Plaintiff TAFARA WILLIAMS, as well as its detrimental impact on the confidence the public has in the police force that serves it.

87. As a direct and proximate result of the Constitutional violations caused by the employees, agents and/or officers of the Defendant CITY OF WAUKEGAN Police Department, and other policymakers, Plaintiff TAFARA WILLIAMS was deprived of his liberty and suffered damages, including physical and emotional injuries.

WHEREFORE, Plaintiff, TAFARA WILLIAMS, respectfully requests that this Court enter judgment against Defendant, CITY OF WAUKEGAN, awarding compensatory damages, attorney's fees, costs, disbursements and any further relief this Court deems just.

### COUNT 4 – Illinois State Law- Battery
*(Tafara Williams v. Dante Salinas)*

88. Plaintiff, TAFARA WILLIAMS, incorporates by reference all preceding paragraphs.

89. Defendant SALINAS willfully and wantonly battered Plaintiff WILLIAMS when he fired his service weapon at Plaintiff WILLIAMS without provocation.

90. While Defendant SALINAS was battering Plaintiff WILLIAMS, Defendant SALINAS was acting within the course and scope of his employment with the Defendant CITY

OF WAUKEGAN Police Department.

91. These acts constituted harmful and unlawful touching of WILLIAMS's person and were conducted without WILLIAMS's consent.

92. As a result of the actions described in this Complaint, TAFARA WILLIAMS suffered damages, including physical and emotional injuries, past and future medical expenses, past and future pain and suffering, disability, disfigurement, and loss of a normal life.

WHEREFORE, Plaintiff, TAFARA WILLIAMS, respectfully requests that this Court enter judgment against Defendant DANTE SALINAS awarding compensatory and punitive damages in an amount in excess of fifty thousand dollars ($50,000.00), and any further relief this Court deems just.

### COUNT 5 – Illinois State Law- Battery- *Respondeat Superior* (*Tafara Williams v. City of Waukegan*)

93. Plaintiff, TAFARA WILLIAMS, incorporates by reference all preceding paragraphs.

94. Defendant SALINAS willfully and wantonly battered Plaintiff WILLIAMS when he fired his service weapon at Plaintiff WILLIAMS without provocation.

95. While Defendant SALINAS was battering Plaintiff WILLIAMS, Defendant SALINAS was acting within the course and scope of his employment with the Defendant CITY OF WAUKEGAN Police Department.

96. Illinois law provides that public entities, such as Defendant, CITY OF WAUKEGAN, are directed to pay any compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment.

97. At all relevant times, DEFENDANT SALINAS was an agent of Defendant CITY

OF WAUKEGAN, and acting within the scope of his employment as a CITY OF WAUKEGAN Police Officer. Therefore, Defendant, CITY OF WAUKEGAN, is liable as principal for all torts committed by Defendant SALINAS based on the theory of *respondeat superior*.

98. As a result of the actions described in this Complaint, TAFARA WILLIAMS suffered damages, including physical and emotional injuries, past and future medical expenses, past and future pain and suffering, disability, disfigurement, and loss of a normal life.

WHEREFORE, Plaintiff, TAFARA WILLIAMS, respectfully requests that this Court enter judgment against Defendant, CITY OF WAUKEGAN, awarding compensatory damages, attorney's fees, costs, disbursements and any further relief this Court deems just.

### DEMAND FOR A JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues triable as of right by jury.

Respectfully Submitted,

By: _Nicolette A. Ward_____

Antonio M. Romanucci
Bhavani K. Raveendran
Nicolette A. Ward
Ian P. Fallon
**ROMANUCCI & BLANDIN, LLC**
321 North Clark Street, Suite 900
Chicago, IL 60654
Tel: (312) 458-1000
Fax: (312) 458-1004
aromanucci@rblaw.net
b.raveendran@rblaw.net
nward@rblaw.net

Ben Crump (*pro hac vice pending*)
**BEN CRUMP LAW, PLLC**

(Washington, D.C. Bar No. 1552623)
717 D Street N.W., Suite 310
Washington, D.C. 20004
ben@bencrump.com

Counsel for Plaintiff